# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| JOAO CONTROL & MONITORING SYSTEMS, LLC,<br><br>               Plaintiff,<br><br>v.<br><br>PROTECT AMERICA, INC.,<br><br>             Defendant. | Civil Action No. 1:14-cv-00134<br><br>**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Joao Control & Monitoring Systems, LLC ("Plaintiff" or "JCMS"), by and through its undersigned counsel, files this Original Complaint against Defendant Protect America, Inc. ("Defendant" or "Protect America") as follows:

### NATURE OF THE ACTION

1.       This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 6,542,076 entitled "*Control, Monitoring and/or Security Apparatus*" (the "'076 Patent"; a copy of which is attached hereto as Exhibit A), United States Patent No. 6,549,130 entitled "*Control Apparatus and Method for Vehicles and/or for Premises*" (the "'130 Patent"; a copy of which is attached hereto as Exhibit B), United States Patent No. 6,587,046 entitled "*Monitoring Apparatus and Method*" (the "'046 Patent"; a copy of which is attached hereto as Exhibit C), United States Patent No. 7,277,010 entitled "*Monitoring Apparatus and Method*" (the "'010 Patent"; a copy of which is attached hereto as Exhibit D), and United States Patent No. 7,397,363 entitled "*Control and/or Monitoring Apparatus and Method*" (the "'363

Patent"; a copy of which is attached hereto as Exhibit E) (collectively, "the Patents-in-Suit"). Plaintiff is the owner of the Patents-In-Suit. Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2.      JCMS is a limited liability company organized and existing under the laws of the state of Delaware.  Plaintiff maintains its principal place of business at 122 Bellevue Place, Yonkers (Westchester County), New York, 10703.  Plaintiff is the owner of the Patents-in-Suit, and possesses all rights thereto, including the exclusive right to exclude the Defendant from making, using, selling, offering to sell or importing in this district and elsewhere into the United States the patented invention(s) of the Patents-in-Suit, the right to sublicense the Patents-in-Suit, and to sue the Defendant for infringement and recover past damages.

3.      Upon information and belief, Protect America is a corporation duly organized and existing under the laws of the State of Texas since October 28, 1992 and has its principal place of business located at 3800 Quick Hill Road, Building 1-100, Austin (Travis County), Texas, 78728-1312.  Upon information and belief, Protect America maintains a "corporate office" at 5100 N IH-35, Suite B, Round Rock, Texas, 78661.  Upon information and belief, Protect America may be served through its Chief Executive Officer, Thad H. Paschall, at 7212 McNeil Drive, Suite 204, Round Rock, Texas, 78729.

## JURISDICTION AND VENUE

4.      This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.  This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

5.      The Court has personal jurisdiction over Defendant because: Defendant has minimum contacts within the State of Texas and in the Western District of Texas; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Western District of Texas; Defendant has sought protection and benefit from the laws of the State of Texas; Defendant regularly conducts business within the State of Texas and within the Western District of Texas, and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Texas and in the Western District of Texas.

6.      More specifically, Defendant, directly and/or through its intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page) its products and services in the United States, the State of Texas, and the Western District of Texas.  Upon information and belief, Defendant has committed patent infringement in the State of Texas and in the Western District of Texas.  Defendant solicits customers in the State of Texas and in the Western District of Texas.  Defendant has many paying customers who are residents of the State of Texas and the Western District of Texas and who use Defendant's products and services in the State of Texas and in the Western District of Texas.

7.      Venue is proper in the District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND

8.      The Patents-in-Suit were duly and legally issued by the United States Patent and Trademark Office to Mr. Raymond A. Joao after full and fair examination.  Mr. Joao assigned all rights, title and interest in and to the Patents-in-Suit to JCMS, giving JCMS the right to exclude Defendant from making, using, selling, offering to sell or importing in this district and elsewhere

in the United States the patented invention(s) of the Patents-in-Suit, and the right to sublicense the Patents-in-Suit, collect damages and initiate lawsuits against the Defendant.

9.      Upon information and belief, Defendant had actual knowledge of the specification and issued claims of the Patents-in-Suit, at the very latest, as of the date of service of this Complaint.

10.     On information and belief, Defendant owns, operates, advertises, implements, and controls its website, www.protectamerica.com (either directly or through a third-party) as well as functionality modules and/or programming modules to support its products and services.  In addition to providing information about Defendant's products and services and how to obtain them, this website provides support to Defendant's customers by providing access to user guides to assist customers to install and use Defendant's products and services.

11.     On information and belief, Defendant offers its customers products and services that infringe the Patents-in-Suit, including but not limited to: Protect America's Monitored Home Security system for home security, including Controls, Sensors, and Cameras, including remote access and control through interactive cellular, broadband and landline connections, and monitoring provided by Protect America (hereinafter, the "Accused Products and Services").

### COUNT I: INFRINGEMENT OF U.S. PATENT NO. 6,542,076

12.     Plaintiff re-alleges and incorporates by reference each of Paragraphs 1 - 11 above.

13.     The '076 Patent was duly and legally issued by the United States Patent and Trademark Office on April 1, 2003, after full and fair examination for systems and methods for controlling vehicles and/or premises using at least three devices.  A Certificate of Correction was issued on July 1, 2003 and a second Certificate of Correction was issued on October 25, 2005.

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff is the owner of the '076 Patent, and possesses all substantive rights and rights of recovery under the '076 Patent with respect to the Defendant, including the right to sue for infringement and recover past damages.

14.     Plaintiff is informed and believes that Defendant has infringed and continues to infringe the '076 Patent either literally or under the doctrine of equivalents.  Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '076 Patent by making, using, providing, and/or importing, directly or through intermediaries, in this district and elsewhere in the United States, systems which are comprised of three devices that constitute a control apparatus, including but not limited to the "Accused Products and Services". The control apparatus used by Defendant consists of a Simon XT Control Panel, located at a premises, a Server, located remote from the premises (at Protect America's monitoring station), and a user's computer or phone at a location remote from both the premises and the Server.  The keypad control panel located at a premises monitors various devices used to detect an event (such as a security breach, a fire or an environmental condition).  When an event occurs, the Simon XT Control Panel sends a signal to the Server, located remote from the premises, which in turn sends a signal to a user's phone and/or computer at a location remote from both the Server and from the premises, displaying to the user information regarding the event.  In response, the user may then initiate an action at the premises utilizing the communication and control system provided by the Accused Products and Services.  Infringing conduct regarding this apparatus and its attendant functions take place in this district and elsewhere in the United States, enabled by and accessed through Defendant's website.

15.     Upon information and belief, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '076 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant's customers to use "Accused Products and Services" in an infringing manner.  Despite knowledge of the '076 Patent as early as the day this Complaint was served on Defendant, Defendant, upon information and belief, continues to encourage, instruct, enable, and otherwise cause its customers to use its systems, in a manner which infringes the '076 Patent.  Upon information and belief, Defendant has specifically intended its customers to use its systems in such a way that infringes the '076 Patent by, at a minimum, providing and supporting the Accused Products and Services and instructing its customers on how to use them in an infringing manner, at least through information available on Defendant's website.  Defendant knew that its actions, including, but not limited to any of the three aforementioned systems, would induce, have induced, and will continue to induce infringement by its customers.  Even where performance of the steps required to infringe the Patents-in-Suit is divided such that Defendant and Defendant's customers each perform some but not all of the steps necessary to infringe the Patents-in-Suit, Defendant's actions have intentionally caused all of the steps to be performed.

16.     Upon information and belief, Defendant has contributed to and continues to contribute to the infringement of one or more claims of the '076 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use a system which includes a transaction security apparatus.  Upon information and belief, Defendant has provided

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

and continues to provide the Accused Products and Services to its customers for the primary purpose of causing infringing acts by said customers by importing, offering to sell, and/or selling (directly or through intermediaries) to its customers the Accused Products and Services, which constitute a material part of the invention.  Defendant had knowledge of the '076 Patent, at the very latest, on the day this Complaint was served on Defendant.  Upon information and belief, Defendant has specifically intended and/or specifically intends that its customers use the Accused Products and Services in such a way that infringes the '076 Patent by, at minimum, providing access to, support for, and training and instructions for said Accused Products and Services, at least through information available on Defendant's website.  Upon information and belief, Defendant knew and/or knows that the Accused Products and Services are especially made and/or adapted for user(s) to infringe one or more claims of the '076 Patent and, therefore, are not staple articles or commodities of commerce suitable for a substantial non-infringing use. Even where performance of the steps required to infringe the '076 Patent is divided such Defendant and Defendant's customers each perform some but not all of the steps necessary to infringe the '076 Patent, Defendant's actions have intentionally caused all of the steps to be performed.

17.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

18.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

19.     Defendant's infringement of Plaintiff's rights under the '076 Patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

### COUNT II: INFRINGEMENT OF U.S. PATENT NO. 6,549,130

20.     Plaintiff re-alleges and incorporates by reference each of Paragraphs 1 - 11 above.

21.     The '130 Patent was duly and legally issued by the United States Patent and Trademark Office on April 15, 2003, after full and fair examination for systems and methods for controlling vehicle or premises systems using at least three devices.  A Certificate of Correction was issued on July 1, 2003.   Plaintiff is the owner of the '130 Patent and possesses all substantive rights and rights of recovery under the '130 Patent, including the right to sue for infringement and recover past damages.

22.     Plaintiff is informed and believes that Defendant has infringed and continues to infringe the '076 Patent either literally or under the doctrine of equivalents.  Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '130 Patent by making, using, providing, and/or importing, directly or through intermediaries, in this district and elsewhere in the United States, systems which are comprised of three devices that The control apparatus used by Defendant consists of a Simon XT Control Panel, located at a premises, a Server (at Protect America's monitoring station), located remote from the premises, and a user's computer or phone, at a location remote from both the premises and the Server.  The user's computer or phone signals the Server from a location remote from both the premises and the Server, causing the Server to issue a signal to the keypad control panel, located at the premises, to activate equipment at a premises such as small appliances.  Infringing conduct

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

regarding this apparatus and its attendant functions take place in this district and elsewhere in the United States, enabled by and accessed through Defendant's website.

23.     Upon information and belief, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '130 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant's customers to use "Accused Products and Services" in an infringing manner.  Despite knowledge of the '130 Patent as early as the day this Complaint was served on Defendant, Defendant, upon information and belief, continues to encourage, instruct, enable, and otherwise cause its customers to use its systems, in a manner which infringes the '130 Patent.   Upon information and belief, Defendant has specifically intended its customers to use its systems in such a way that infringes the '130 Patent by, at a minimum, providing and supporting the Accused Products and Services and instructing its customers on how to use them in an infringing manner, at least through information available on Defendant's website.  Defendant knew that its actions, including, but not limited to any of the three aforementioned systems, would induce, have induced, and will continue to induce infringement by its customers.  Even where performance of the steps required to infringe the Patents-in-Suit is divided such that Defendant and Defendant's customers each perform some but not all of the steps necessary to infringe the Patents-in-Suit, Defendant's actions have intentionally caused all of the steps to be performed.

24.     Upon information and belief, Defendant has contributed to and continues to contribute to the infringement of one or more claims of the '130 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other

things, encouraged, instructed, enabled and otherwise caused its customers to use a system which includes a transaction security apparatus.  Upon information and belief, Defendant has provided and continues to provide the Accused Products and Services to its customers for the primary purpose of causing infringing acts by said customers by importing, offering to sell, and/or selling (directly or through intermediaries) to its customers the Accused Products and Services, which constitute a material part of the invention.  Defendant had knowledge of the '130 Patent, at the very latest, on the day this Complaint was served on Defendant.  Upon information and belief, Defendant has specifically intended and/or specifically intends that its customers use the Accused Products and Services in such a way that infringes the '130 Patent by, at minimum, providing access to, support for, and training and instructions for said Accused Products and Services, at least through information available on Defendant's website.  Upon information and belief, Defendant knew and/or knows that the Accused Products and Services are especially made and/or adapted for user(s) to infringe one or more claims of the '130 Patent and, therefore, are not staple articles or commodities of commerce suitable for a substantial non-infringing use. Even where performance of the steps required to infringe the '130 Patent is divided such Defendant and Defendant's customers each perform some but not all of the steps necessary to infringe the '130 Patent, Defendant's actions have intentionally caused all of the steps to be performed.

25.      Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

26.      Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law,

cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

27.    Defendant's infringement of Plaintiff's rights under the '130 Patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

### COUNT III: INFRINGEMENT OF U.S. PATENT NO. 6,587,046

28.    Plaintiff re-alleges and incorporates by reference each of Paragraphs 1 - 11 above.

29.    The '046 Patent was duly and legally issued by the United States Patent and Trademark Office on July 1, 2003 after full and fair examination.  A Certificate of Correction was issued on January 20, 2004.  Plaintiff is the owner of the '046 Patent, and possesses all right, title and interest in the '046 Patent including the right to enforce the '046 Patent, and the right to sue Defendant for infringement and recover past damages.

30.    Plaintiff is informed and believes that Defendant has infringed and continues to infringe the '076 Patent either literally or under the doctrine of equivalents.  Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '046 Patent by making, using, providing, and/or importing, directly or through intermediaries, in this district and elsewhere in the United States, systems which are comprised of three devices that constitute a control apparatus, including but not limited to the "Accused Products and Services". The monitoring method used by Defendant consists of transmitting video information, gathered by a recording device or camera located at a premises, to the Server (at Protect America's monitoring station), which then transmits the video information to the user's computer or phone over the Internet upon receipt of a signal from the user's computer or phone. The Server is

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

remote from the premises and the user's computer or phone is remote from both the premises and the Server. This method, with its attendant products, is performed in this district and elsewhere in the United States, enabled by and accessed through Defendant's website.

31.     Upon information and belief, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '046 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant's customers to use "Accused Products and Services" in an infringing manner. Despite knowledge of the '046 Patent as early as the day this Complaint was served on Defendant, Defendant, upon information and belief, continues to encourage, instruct, enable, and otherwise cause its customers to use its systems, in a manner which infringes the '046 Patent. Upon information and belief, Defendant has specifically intended its customers to use its systems in such a way that infringes the '046 Patent by, at a minimum, providing and supporting the Accused Products and Services and instructing its customers on how to use them in an infringing manner, at least through information available on Defendant's website. Defendant knew that its actions, including, but not limited to any of the three aforementioned systems, would induce, have induced, and will continue to induce infringement by its customers. Even where performance of the steps required to infringe the Patents-in-Suit is divided such that Defendant and Defendant's customers each perform some but not all of the steps necessary to infringe the Patents-in-Suit, Defendant's actions have intentionally caused all of the steps to be performed.

32.     Upon information and belief, Defendant has contributed to and continues to contribute to the infringement of one or more claims of the '046 Patent in this district and

elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use a system which includes a transaction security apparatus.  Upon information and belief, Defendant has provided and continues to provide the Accused Products and Services to its customers for the primary purpose of causing infringing acts by said customers by importing, offering to sell, and/or selling (directly or through intermediaries) to its customers the Accused Products and Services, which constitute a material part of the invention.  Defendant had knowledge of the '046 Patent, at the very latest, on the day this Complaint was served on Defendant.  Upon information and belief, Defendant has specifically intended and/or specifically intends that its customers use the Accused Products and Services in such a way that infringes the '046 Patent by, at minimum, providing access to, support for, and training and instructions for said Accused Products and Services, at least through information available on Defendant's website.  Upon information and belief, Defendant knew and/or knows that the Accused Products and Services are especially made and/or adapted for user(s) to infringe one or more claims of the '046 Patent and, therefore, are not staple articles or commodities of commerce suitable for a substantial non-infringing use. Even where performance of the steps required to infringe the '046 Patent is divided such Defendant and Defendant's customers each perform some but not all of the steps necessary to infringe the '046 Patent, Defendant's actions have intentionally caused all of the steps to be performed.

33.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

34.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

35.     Defendant's infringement of Plaintiff's rights under the '046 Patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 7,277,010

36.     Plaintiff re-alleges and incorporates by reference each of Paragraphs 1 - 11 above.

37.     The '010 Patent was duly and legally issued by the United States Patent and Trademark Office on October 2, 2007 after full and fair examination.  Plaintiff is the owner of the '010 Patent, and possesses all right, title and interest in the '010 Patent including the right to enforce the '010 Patent, and the right to sue Defendant for infringement and recover past damages.

38.     Plaintiff is informed and believes that Defendant has infringed and continues to infringe the '010 Patent either literally or under the doctrine of equivalents.  Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '010 Patent by making, using, providing, and/or importing, directly or through intermediaries, in this district and elsewhere in the United States, systems which are comprised of three devices that constitute a control apparatus, including but not limited to the "Accused Products and Services". The monitoring method used by Defendant consists of transmitting video information, gathered by a recording device or camera located at a premises, to the Server (at Protect America's

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

monitoring station), which, upon determination of proper authorization, transmits the video information to the user's computer or phone over the Internet upon receipt of a signal from the user's computer or phone. The Server is remote from the premises, and the user's computer or phone is remote from both the premises and the Server.  This method, with its attendant products, is performed in this district and elsewhere in the United States, enabled by and accessed through Defendant's website.

   39. Upon information and belief, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '010 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant's customers to use "Accused Products and Services" in an infringing manner.  Despite knowledge of the '010 Patent as early as the day this Complaint was served on Defendant, Defendant, upon information and belief, continues to encourage, instruct, enable, and otherwise cause its customers to use its systems, in a manner which infringes the '010 Patent.  Upon information and belief, Defendant has specifically intended its customers to use its systems in such a way that infringes the '010 Patent by, at a minimum, providing and supporting the Accused Products and Services and instructing its customers on how to use them in an infringing manner, at least through information available on Defendant's website.  Defendant knew that its actions, including, but not limited to any of the three aforementioned systems, would induce, have induced, and will continue to induce infringement by its customers.  Even where performance of the steps required to infringe the Patents-in-Suit is divided such that Defendant and Defendant's customers each perform some but

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

not all of the steps necessary to infringe the Patents-in-Suit, Defendant's actions have intentionally caused all of the steps to be performed.

40.     Upon information and belief, Defendant has contributed to and continues to contribute to the infringement of one or more claims of the '010 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use a system which includes a transaction security apparatus.  Upon information and belief, Defendant has provided and continues to provide the Accused Products and Services to its customers for the primary purpose of causing infringing acts by said customers by importing, offering to sell, and/or selling (directly or through intermediaries) to its customers the Accused Products and Services, which constitute a material part of the invention.  Defendant had knowledge of the '010 Patent, at the very latest, on the day this Complaint was served on Defendant.  Upon information and belief, Defendant has specifically intended and/or specifically intends that its customers use the Accused Products and Services in such a way that infringes the '010 Patent by, at minimum, providing access to, support for, and training and instructions for said Accused Products and Services, at least through information available on Defendant's website.  Upon information and belief, Defendant knew and/or knows that the Accused Products and Services are especially made and/or adapted for user(s) to infringe one or more claims of the '010 Patent and, therefore, are not staple articles or commodities of commerce suitable for a substantial non-infringing use. Even where performance of the steps required to infringe the '010 Patent is divided such Defendant and Defendant's customers each perform some but not all of the steps necessary to

infringe the '010 Patent, Defendant's actions have intentionally caused all of the steps to be performed.

41.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

42.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

43.     Defendant's infringement of Plaintiff's rights under the '010 Patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT V: INFRINGEMENT OF U.S. PATENT NO. 7,397,363

44.     Plaintiff re-alleges and incorporates by reference each of Paragraphs 1 - 11 above.

45.     The '363 Patent was duly and legally issued by the United States Patent and Trademark Office on July 8, 2008, after full and fair examination.  Plaintiff is the owner of the '363 Patent and possesses all substantive rights and rights of recovery under the '363 Patent, including the right to sue for infringement and recover past damages.

46.     Plaintiff is informed and believes that Defendant has infringed and continues to infringe the '363 Patent either literally or under the doctrine of equivalents.  Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '010 Patent by making, using, providing, and/or importing, directly or through intermediaries, in this district and elsewhere in the United States, systems which are comprised of three devices that

constitute a control apparatus, including but not limited to the "Accused Products and Services". The control apparatus used by Defendant consists of a Simon XT Control Panel, located at a premises, a Server (at Protect America's monitoring station), located remote from the premises, and a user's computer or phone, at a location remote from both the premises and the Server. The user's computer or phone, remote from a premises and the Server, sends a signal over the Internet to the Server, located remotely from the premises. When a signal is deemed authorized, a different signal is then sent to the Simon XT Control Panel which activates an associated premise system, such as automatic door locks. Infringing conduct regarding this apparatus and its attendant functions take place in this district and elsewhere in the United States, enabled by and accessed through Defendant's website.

47.    Upon information and belief, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '363 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant's customers to use "Accused Products and Services" in an infringing manner. Despite knowledge of the '363 Patent as early as the day this Complaint was served on Defendant, Defendant, upon information and belief, continues to encourage, instruct, enable, and otherwise cause its customers to use its systems, in a manner which infringes the '363 Patent. Upon information and belief, Defendant has specifically intended its customers to use its systems in such a way that infringes the '363 Patent by, at a minimum, providing and supporting the Accused Products and Services and instructing its customers on how to use them in an infringing manner, at least through information available on Defendant's website. Defendant knew that its actions, including, but not limited to any of the

three aforementioned systems, would induce, have induced, and will continue to induce infringement by its customers.  Even where performance of the steps required to infringe the Patents-in-Suit is divided such that Defendant and Defendant's customers each perform some but not all of the steps necessary to infringe the Patents-in-Suit, Defendant's actions have intentionally caused all of the steps to be performed.

48.    Upon information and belief, Defendant has contributed to and continues to contribute to the infringement of one or more claims of the '363 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use a system which includes a transaction security apparatus.  Upon information and belief, Defendant has provided and continues to provide the Accused Products and Services to its customers for the primary purpose of causing infringing acts by said customers by importing, offering to sell, and/or selling (directly or through intermediaries) to its customers the Accused Products and Services, which constitute a material part of the invention.  Defendant had knowledge of the '363 Patent, at the very latest, on the day this Complaint was served on Defendant.  Upon information and belief, Defendant has specifically intended and/or specifically intends that its customers use the Accused Products and Services in such a way that infringes the '363 Patent by, at minimum, providing access to, support for, and training and instructions for said Accused Products and Services, at least through information available on Defendant's website.  Upon information and belief, Defendant knew and/or knows that the Accused Products and Services are especially made and/or adapted for user(s) to infringe one or more claims of the '363 Patent and, therefore, are not staple articles or commodities of commerce suitable for a substantial non-infringing use.

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Even where performance of the steps required to infringe the '363 Patent is divided such Defendant and Defendant's customers each perform some but not all of the steps necessary to infringe the '363 Patent, Defendant's actions have intentionally caused all of the steps to be performed.

49.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

50.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

51.     Defendant's infringement of Plaintiff's rights under the '363 Patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

### JURY DEMAND

52.     Plaintiff demands a trial by jury on all issues.

### PRAYER FOR RELIEF

Plaintiff respectfully requests that Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A.     An adjudication that one or more claims of the Patents-in-Suit have been infringed, either literally and/or under the doctrine of equivalents, by the Defendant and/or its customers;

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

B.    An adjudication that Defendant has induced infringement of one or more claims of the Patents-in-Suit;

C.    An adjudication that Defendant has contributed to the infringement of one or more claims of the Patents-in-Suit;

D.    An award of damages to be paid by Defendant adequate to compensate Plaintiff for its past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

E.    A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of infringement with respect to the claims of the Patents-in-Suit;

F.    That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

G.    Any further relief that this Court deems just and proper.

Respectfully submitted this 12th day of February, 2014.

/s/ Katherine L. Sunstrom
Katherine L. Sunstrom
TX Bar No. 24037538
**LORANCE & THOMPSON, PC**
2900 North Loop West, Suite 500
Houston, Texas 77092
Telephone: (713) 868-5560
Facsimile: (713) 864-4671
Email: KS@LoranceThompson.com

Maureen V. Abbey, *Pro Hac Vice* anticipated
**HENINGER GARRISON DAVIS, LLC**
220 St. Paul Street
Westfield, New Jersey  07090
Telephone: (908) 379-8475
Facsimile: (205) 326-3332
Email: maureen@hgdlawfirm.com

Steven W. Ritcheson, *Pro Hac Vice* anticipated
**HENINGER GARRISON DAVIS, LLC**
9800 D Topanga Canyon Blvd. #347
Chatsworth, California  91311
Telephone: (818) 882-1030
Facsimile: (818) 337-0383
Email: swritcheson@hgdlawfirm.com

**Attorneys for Plaintiff Joao Control &
Monitoring Systems, LLC**