IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**FILED**

**2015 AUG 18  PM 4: 28**

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | | |
|---|---|---|
| JOAO CONTROL & MONITORING SYSTEMS, LLC, | § § | |
| PLAINTIFF, | § § | |
| V. | § § | CAUSE NO. 1-14-CV-134-LY |
| PROTECT AMERICA, INC., DEFENDANT. | § § § | |

## MEMORANDUM OPINION AND ORDER REGARDING
## CLAIM CONSTRUCTION

Before the court in the above-styled and numbered cause are Plaintiff Joao Control & Monitoring Systems, LLC's ("Joao") Opening Claim Construction Brief filed April 3, 2015 (Clerk's Doc. No. 84); Defendant Protect America, Inc.'s ("Protect America") Opening Claim Construction Brief filed April 3, 2015 (Clerk's Doc. No. 83); Joao's Responsive Claim Construction Brief filed May 8, 2015 (Clerk's Doc. No. 93); Protect America's Reply Claim Construction Brief filed May 8, 2015 (Clerk's Doc. No. 92); the parties' Notice of Supplemental Authority filed June 22, 2015 (Clerk's Doc. No. 102); Joao's Supplemental Claim Construction Brief filed June 26, 2015 (Clerk's Doc. No. 106); Protect America's Supplemental Claim Construction Brief filed June 26, 2015 (Clerk's Doc. No. 105); Joao's Notice of Supplemental Authority filed August 6, 2015 (Clerk's Doc. No. 108); the parties' Amended Joint Claim Construction Statement filed March 19, 2015 (Clerk's Doc. No. 73); and the claim-construction presentations of both parties.

The court held a claim-construction hearing on May 27, 2015. *See Markman v. Westview Instruments, Inc.,* 52 F.3d 967, 976 (Fed. Cir. 1995) (en banc), *aff'd,* 517 U.S. 370 (1996). After considering the patents and their prosecution history, the parties' claim-construction briefs, the parties' opposing expert declarations, the applicable law regarding claim construction, and argument of counsel, the court now renders its order with regard to claim construction.

## I.      Introduction

The court renders this memorandum opinion and order to construe the claims of U.S. Patent

Nos. 6,542,076 (the '076 Patent), 6,549,130 (the '130 Patent), 7,397,363 (the '363 Patent), 7,277,010

(the '010 Patent), 6,587,046 (the '046 Patent), and 6,542,077 (the '077 Patent) (collectively "patents-

in-suit").  Joao asserts that Protect America infringes various claims of the six patents-in-suit.  The

patents-in-suit generally relate to "systems for remotely controlling and/or monitoring devices such

as appliances or other equipment at a premises."  Collectively, the patents contain 906 claims and

consist of more than 500 pages.

## II.     Legal Principles of Claim Construction

Determining infringement is a two-step process.  *See Markman,* 52 F.3d at 976 ("[There are]

two elements of a simple patent case, construing the patent and determining whether infringement

occurred . . . .").  First, the meaning and scope of the relevant claims must be ascertained.  *Id.*

Second, the properly construed claims must be compared to the accused device.  *Id.*  Step one, claim

construction, is the current issue before the court.

The court construes patent claims without the aid of a jury.  *See Markman* 52 F.3d at 979.

The "words of a claim 'are generally given their ordinary and customary meaning.'"  *Phillips v.*

*AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (en banc) (quoting *Vitronics Corp v.*

*Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996)).  The ordinary and customary meaning of

a claim term is the meaning that the term would have to a person of ordinary skill in the art in

question at the time of the invention.  *Id.* at 1313.  The person of ordinary skill in the art is deemed

to have read the claim term in the context of the entire patent.  *Id.*  Therefore, to ascertain the

meaning of a claim, a court must look to the claim, the specification, and the patent's prosecution history. *Id.* at 1314–17; *Markman*, 52 F.3d at 979. Claim language guides the court's construction of a claim term. *Phillips*, 415 F.3d at 1314. "[T]he context in which a term is used in the asserted claim can be highly instructive." *Id.* Other claims, asserted and unasserted, can provide additional instruction because "terms are normally used consistently throughout the patent." *Id.* Differences among claims, such as additional limitations in dependent claims, can provide further guidance. *Id.*

Claims must also be read "in view of the specification, of which they are a part." *Markman*, 52 F.3d at 979. The specification "is always highly relevant to the claim construction analysis. Usually, it is dispositive; it is the single best guide to the meaning of a disputed term." *Teleflex. Inc. v. Ficosa N. Am. Corp.*, 299 F.3d 1313, 1325 (Fed. Cir. 2002) (internal citations omitted). In the specification, a patentee may define a term to have a meaning that differs from the meaning that the term would otherwise possess. *Phillips*, 415 F.3d at 1316. In such a case, the patentee's lexicography governs. *Id.* The specification may also reveal a patentee's intent to disclaim or disavow claim scope. *Id.* Such intention is dispositive of claim construction. *Id.* Although the specification may indicate that a certain embodiment is preferred, a particular embodiment appearing in the specification will not be read into the claim when the claim language is broader than the embodiment. *Electro Med. Sys., S.A. v. Cooper Life Scis., Inc.*, 34 F.3d 1048, 1054 (Fed. Cir. 1994).

The prosecution history is another tool to supply the proper context for claim construction because it demonstrates how the inventor understood the invention. *Phillips*, 415 F.3d at 1317. A patentee may also serve as his own lexicographer and define a disputed term in prosecuting a patent. *Home Diagnostics Inc. v. LifeScan, Inc.*, 381 F.3d 1352, 1356 (Fed. Cir. 2004). Similarly, distinguishing the claimed invention over the prior art during prosecution indicates what a claim

does not cover. *Spectrum Int'l v. Sterilite Corp.*, 164 F.3d 1372, 1378–79 (Fed. Cir. 1988). The doctrine of prosecution disclaimer precludes a patentee from recapturing a specific meaning that was previously disclaimed during prosecution. *Omega Eng'g Inc. v. Raytek Corp.*, 334 F.3d 1314, 1323 (Fed. Cir. 2003). A disclaimer of claim scope must be clear and unambiguous. *Middleton Inc. v. 3M Co.*, 311 F.3d 1384, 1388 (Fed. Cir. 2002).

Although, "less significant than the intrinsic record in determining the legally operative meaning of claim language," the court may rely on extrinsic evidence to "shed useful light on the relevant art." *Phillips*, 415 F.3d at 1317 (quotation omitted). Technical dictionaries and treatises may help the court understand the underlying technology and the manner in which one skilled in the art might use a claim term, but such sources may also provide overly broad definitions or may not be indicative of how a term is used in the patent. *Id.* at 1318. Similarly, expert testimony may aid the court in determining the particular meaning of a term in the pertinent field, but "conclusory, unsupported assertions by experts as to the definition of a claim term are not useful." *Id.* Generally, extrinsic evidence is "less reliable than the patent and its prosecution history in determining how to read claim terms." *Id.* Extrinsic evidence may be useful when considered in the context of the intrinsic evidence, *Id.* at 1319, but it cannot "alter a claim construction dictated by a proper analysis of the intrinsic evidence," *On-Line Techs., Inc. v. Bodenseewerk Perkin-Elmer GmbH*, 386 F.3d 1133, 1139 (Fed. Cir. 2004).

### III.    Discussion

*A.    Agreed Constructions*

In their amended joint-claim-construction statement, the parties present two terms with agreed constructions. Further, at the claim-construction hearing, Joao conceded that two of Protect America's constructions were technically correct and Joao would not object if the court adopted the constructions. The court hereby adopts the agreed construction of the claim term listed in the table below.[1]

| Claim Term/Phrase | Adopted Agreed Construction |
|---|---|
| "premises" <br><br> [All Patents] | "**a building or a structure and the grounds or parcel of land associated with the building or the structure, or a building or structure or a portion, room, or office, of or in the building or structure, or a home, mobile home, mobile building, mobile structure, residence, residential building, office, commercial building, commercial office, structure, equipment, facility, machine, rig, assembly line, or edifice.**" |
| "located at" <br><br> [All Patents] | "**situated at, or situated in, or situated on**" |
| "remote" <br><br> [All Patents] | "**separate and apart from, or external from, or at a distance from or distant from, or not located in**" |
| "video information" <br><br> ['010 and '046 Patents] | "**an image or images or a photograph, or data or information containing, pertaining to, or representing, an image or images or a photograph**" |

---

[1] Throughout, the **bolded** terms indicate the court's adopted construction.

B.     *Disputed Terms*

The parties dispute the construction of 12 terms.  The following table summarizes the

parties' proposed constructions of the disputed terms.

| Term/Phrase | Joao's Proposed Construction | Protect America's Proposed Construction |
|---|---|---|
| 1.  "A theft of the premises"<br><br>['076, '363, and '077 Patents] | "The act of stealing from the premises" | [Indefinite] |
| 2.  "A system for detecting a failure in the at least one of . . ."<br><br>['076 and '077 Patents] | "a system for detecting a failure" means:<br><br>"a system for detecting or discovering the existence, presence or fact of a failure or a state of inability to perform a normal process or function"<br>…<br>"in the at least one of . . . " means:<br><br>"in one or more of the items contained in the list (of claim 182 or 30)."<br><br>The list from claim 182 and 30 is:<br><br>"a premises system, a premises equipment system, a premises component, a premises device, a premises equipment, and a premises appliance" | [Means-Plus-Function]<br><br>Function: "detecting a failure in the at least one of a premises system, a premises equipment system, a premises component, a premises device, a premises equipment, and a premises appliance, wherein the detecting system provides information regarding the failure"<br><br>Structure: [Indefinite] |
| 3.  "Performs a systematic check . . ." / "performing a systematic check . . ."<br><br>['076 and '130 Patents] | "Fulfill or carry out the function or act of testing or verifying or evaluating a system" | "Check any and all of the apparatus and premises systems, including the status or state of the premises equipment systems, equipment, devices and/or appliances" |

| | | |
|---|---|---|
| 4. "Intelligent agent"<br><br>['363 and '077 Patents] | "A computing entity that performs user delegated tasks autonomously and which interprets monitored events to make appropriate actuation decisions for autonomous operation(s)." | [Indefinite] |
| 5. "Software agent"<br><br>['363 and '077 Patents] | "A computing entity that performs user delegated tasks autonomously" | [Indefinite] |
| 6. "Mobile agent"<br><br>['363 and '077 Patents] | "a computing entity which may be dispatched from one computer to another computer for performing user delegated tasks autonomously" | [Indefinite] |
| 7. "Associated with"<br><br>['076, '363, '077, '010, and '046 Patents] | Joao does not agree to add the term "associated with" to the list of terms for the Court to construe.  The Court set deadlines for the claim construction process and the disclosure of terms to be construed. This term was not identified by Protect America until after the deadline had passed in its "Clarified Amended Proposed Claim Terms for Construction, February 10, 2015", served four days after its "Amended Proposed Claim Terms for Construction", February 6, 2015. | [Indefinite] |

| 8. "Control device" (first, second, third)<br><br>['076 and '130 Patents] | Joao argues that "control device" and "first control device," "second control device" and "third control device" should be construed the same as across all asserted patents.<br><br>"Control device" means:<br><br>"a device or a computer, or that part of a device or a computer, which performs an operation, an action, or a function, or which performs a number of operations, actions, or functions."<br><br>Each of the "first control device," "second control device" and "third control device" is a separate control device with a purpose, function or role that is not identical to the purpose, function or role of the other control device(s). | Protect America argues that the terms "a first control device," "a second control device," and "a third control device" refer to different devices and should be construed separately.<br><br>Also, the asserted patents use the same terms to refer to different devices in different claims. In other words, "first control device" may refer to one device in one claim, but a different device in another claim.<br><br>Protect America proposes separate means-plus-function constructions for each asserted claim where the term is used.<br><br>[Indefinite] |
| 9. "Processing device" (first, second, third)<br><br>['363, '077, '010, and '046 Patents] | Joao argues that the term "processing device" and "first processing device," "second processing device" and "third processing device" should be construed the same as across all asserted patents.<br><br>"Processing device" means "a device or a computer, or that part of a device or a computer, which performs an operation, an action, or a function, or which performs a number of operations, actions, or functions."<br><br>Each of the "first processing device," "second processing device" and "third processing device" "is a separate processing device with a purpose or function or role that is not identical to the purpose, function or role of the other processing device(s)." | Protect America argues that the terms "a processing device," "a first processing device," "a second processing device," and "a third processing device" refer to different devices and should be construed separately.<br><br>Also, the asserted patents use the same terms to refer to different devices in different claims. In other words, "first processing device" may refer to one device in one claim, but a different device in another claim.<br><br>Protect America proposes separate means-plus-function constructions for each asserted claim where the term is used.<br><br>[Indefinite] |

| 10. "A communication device"<br><br>['076, '363, and '010 Patents] | Joao argues that the term "a communication device" should be construed the same as across all asserted patents.<br><br>"a device that transmits and/or receives information." | Protect America argues that the term "communication device" refers to different devices and should be construed separately.<br><br>Therefore Protect America proposes separate means-plus-function constructions for each asserted claim where the term is used.  For some claims, Protect America provides alternative construction if not means-plus-function. |
|---|---|---|
| 11. "A video recording device"<br><br>['010 and '046 Patents] | "A device that captures video information on any kind of medium for any period of time." | [Means-Plus-Function]<br><br>Function:<br>is located at a premises and records video information<br><br>Structure: [Indefinite] |
| 12. "A monitoring device"<br><br>['076 and '130 Patents] | [Plain and Ordinary meaning]<br><br>In the alternative:<br>"A device for watching, listening, observing, keeping track of, checking, or verifying, a device, system, or activity, or an operation, status, or state, of a device, a system, or an activity, or watching, listening, observing, keeping track of, checking, or verifying, an activity, or a state of an act or instance, process, or manner of functioning." | [Means-Plus-Function]<br><br>Function: "detecting an occurrence warranting providing notice to at least one of an owner, a user, and an authorized operator"<br><br>Structure: [Indefinite] |

## 1. "A theft of the premises"

Joao argues that this phrase means "the act of stealing from the premises," whereas Protect America argues that the phrase is indefinite under *Nautilus, Inc. v. Biosig Instruments, Inc.* 134 S.Ct. 2120, 2124 (2014) ("[A] patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention."). The court rejects both arguments and finds the construction of this phrase facile in light of the clear claim language and the parties' agreed construction of the term "premises."

The parties agree that, in the context of the patents-in-suit, the things that may be called a "premises" include, *inter alia*, a "mobile home, mobile building, mobile structure . . . equipment . . . machine, [or] rig." All of these items are things *of which* a theft may occur. The patentee is very specific in his repeated use of the turn of phrase "of the premises" in the claims. Contrary to the meaning argued by Joao, the patentee did not use the words "from the premises," "an item from the premises," or "burglary of the premises." Further, the specification does not support a construction of this term in a way other than the plain-and-ordinary English meaning of the words as they would be understood by any English speaker, much less one of skill in the art. The parties agree that premises may include things of which a theft may occur; therefore the court concludes that the term is to be given its **plain and ordinary meaning** with no further construction required.

## 2. "A system for detecting a failure in the at least one of . . ."

Protect America argues that this disputed term should be construed as a means-plus-function term, and that the claims in which the term appears are indefinite for a lack of corresponding

structure in the specification.  Joao argues that the term is not appropriately construed as a means-plus-function term and instead should be defined with two separate definitions: one for "a system for detecting a failure" and one for "in the at least one of . . . ."

The "means-plus-function" technique of claim drafting is a "convenience" for patentees that allows the expression of claim limitations in functional terms "without requiring the patentee to recite in the claims all possible structures" that could be used as a means in the invention.  *Medical Instrumentation & Diags. Corp. v. Elekta AB*, 344 F.3d 1205, 1211 (Fed. Cir.2003); *see also* 35 U.S.C. § 112(f).[2]  In return for this drafting convenience, patentees pay the price of having to disclose, in the specification, a corresponding structure for performing the claimed function.  *See Noah Sys., Inc. v. Intuit Inc.*, 675 F.3d 1302, 1318 (Fed. Cir. 2012).  "If the specification is not clear as to the structure that the patentee intends to correspond to the claimed function, then the patentee has not paid the price but is rather attempting to claim in functional terms unbounded by any reference to structure in the specification."  *Med. Instrumentation*, 344 F.3d at 1211.

In determining whether means-plus-function construction applies, the Federal Circuit "has long recognized the importance of the presence or absence of the word 'means.'"  *Williamson v. Citrix Online, LLC*, — F.3d —, No. 2013-1130, 2015 WL 3687459, *6 (Fed. Cir. June 16, 2015).  Where, as here, the disputed claim terms do not include the word "means," there is a rebuttable presumption that means-plus-function construction does not apply.[3]  *Id.*  That presumption can be

---

[2]  The America Invents Act replaced Section 112, paragraph 6 with Section 112(f) for all patent applications filed after September 15, 2012.  Leahy-Smith America Invents Act, Pub. L. No. 112-29, 125 Stat. 284 (2011) (codified in scattered sections of 35 U.S.C.).  Because the patents-in-suit were all filed prior to this date, the court will refer to the then-applicable Section 112, paragraph 6.

[3]  In *Williamson*, the Federal Circuit abandoned its previous characterization of the presumption as "strong."  2015 WL 3687459 at *7.

11

overcome "if the challenger demonstrates that the claim term fails to 'recite sufficiently definite structure' or else recites 'function without reciting sufficient structure for performing that function.'" *Id.* The essential inquiry is "whether the words of the claim are understood by persons of ordinary skill in the art to have a sufficiently definite meaning as the name for structure." *Id.*

The court examines the entire claim phrase in examining the structure at issue. The claim recites an apparatus wherein the at least one of a number of different types of previously enumerated systems or equipment "is a system for detecting a failure in the at least one of[4] a premises system, a premises equipment system, a premises component, a premises device, a premises equipment, and a premises appliance, wherein the detecting system provides information regarding the failure." A plain reading of the claim demonstrates that the patentee merely substitutes the word "system" for the word "means" and then describes the function of the claimed system. The court finds that "system," as used in the claim, functions merely as a "nonce word or a verbal construct that is not recognized as the name of structure and is simply a substitute for the term 'means for.'" *Welker Bearing Co. v. PHD, Inc.*, 550 F.3d 1090, 1096 (Fed.Cir.2008) (quoting *Lighting World v. Birchwood Lighting, Inc.*, 382 F.3d 1354, 1360 (Fed.Cir.2004)). The court further finds no recitation of sufficient structure within the claim capable of performing the function of "detecting a failure" in a system or equipment and "provid[ing] information regarding the failure." Nor does the specification shed any light on the structure of the claim language. The court therefore concludes that "a system for detecting a failure in the at least one of . . ." does not connote sufficiently definite structure and must be treated as a means-plus-function limitation under Section 112, paragraph 6.

---

[4] Although the claims' use of "in the at least one of" strikes the court as a particularly awkward combination of words–even for a patent, where awkward phraseology is frequently encountered–the language is used consistently in the claims; absent evidence of a typographical error, the court construes the language as it exists in the claims.

Having determined that a means-plus-function construction is appropriate, the court must perform two steps in construing the claim: "First, the court must determine the claimed function. Second, the court must identify the corresponding structure in the written description of the patent that performs the function." *Noah Sys.*, 675 F.3d at 1311. "Structure disclosed in the specification qualifies as a 'corresponding structure' if the intrinsic evidence clearly links or associates that structure to the function recited in the claim." *Williamson*, 2015 WL 3687459, at *10.

Here, the function of the claim is clear from the claim language. The recited function is: "detecting a failure in the at least one of a premises system, a premises equipment system, a premises component, a premises device, a premises equipment, and a premises appliance, wherein the detecting system provides information regarding the failure." The true issue before the court with regard to this term is whether the specification discloses corresponding structure that performs the claimed function.

The court, after a thorough examination of the specification and consideration of the parties' experts' conflicting declarations, concludes that it does not. The specification discusses no structure that is capable of detecting a failure or performing the function of detecting a failure; the only time detecting a failure is discussed, the language of the specification mirrors the language used to claim the function. No structural component is taught or implied. The court finds a complete lack of any structural component associated with the claimed function and determines that a person of skill in the art would not comprehend–with reasonable certainty–the specification to support the claimed function with corresponding structure. *Nautilus*, 134 S.Ct. at 2124.

Due to this complete lack of structural support in the specification, the court concludes that the term "a system for detecting a failure in the at least one of . . ." is **indefinite**.

### 3. "Performs a systematic check" / "performing a systematic check"

Joao argues that this pair of terms should be given its plain and ordinary meaning; however, Joao also provides the court with a proposed definition of what it believes that ordinary meaning to be. Protect America contends that its definition, with language taken directly from the patents' specification, is the proper definition.

The court first looks to the disputed claim language itself. The three dependent claims where the disputed terms appear describe either a system or apparatus, each of which "perform[s] a systematic check of at least one of a status and a state of the at least one of a premises system, a premises device, a premises equipment, a premises equipment system, and a premises appliance." Although the phraseology could be more precise, the meaning is readily understood with minimal parsing. The "systematic check" is performed on all of the components of the system or apparatus, such components to include a premises system, a premises device, a premises equipment, a premises equipment system, and a premises device. All components are included because of the use of "the" in the "the at least one of" clause in the claim. If the clause had read simply "at least one of," the meaning would not have required all of the components to be checked. As is, however, "the at least one" implies that there will be at least one, and possibly many, components and they all are checked. The "systematic check" checks a status or a state–or both–of the components listed.

This interpretation is bolstered by the specifications' sole reference to a "systematic check:"

> The apparatus and method of the present invention may be equipped with software and hardware for providing a *systematic check of any and all of the apparatus and vehicle systems*, including the status or state of the vehicle equipment systems, equipment, devices and/or appliances and provide data relating thereto to the user or operator and/or to the authorized individual(s) at the above-described central security office.

14

'076 Patent 58:48-55 (emphasis added). This passage confirms that the "systematic check" is performed on any and all of the system components that are part of the system or apparatus.

The court concludes that the term "performing a systematic check of at least one of a status and a state of the at least one of a premises system, a premises device, a premises equipment, a premises equipment system, and a premises appliance" is construed to mean "**checking the status, state, or status and state of any and all of a premises system, a premises device, a premises equipment, a premises equipment system, or a premises appliance**." The court further concludes that the term "performs a systematic check of at least one of a status and a state of the at least one of a premises system, a premises device, a premises equipment, a premises equipment system, and a premises appliance" is construed to mean "**checks the status, state, or status and state of any and all of a premises system, a premises device, a premises equipment, a premises equipment system, or a premises appliance**."

**4. "Intelligent agent"**

**5. "Software agent"**

**6. "Mobile agent"**

The parties briefed and argued these three terms together, as they appear together in the patent claims. Protect America asserts that the "agent" terms are indefinite in light of the patents' specification and the lack of a fixed meaning of these terms in the art at the time of invention. Joao counters that the patentee incorporated by reference two books that provide clear definitions of the agent terms, and which would have been known and understood by a person of ordinary skill in the art at the time of the invention.

15

An external book or publication that is incorporated by reference into a patent becomes part of the intrinsic record. *Pressure Prods. Med. Supplies, Inc. v. Greatbatch Ltd.*, 599 F.3d 1308, 1323 (Fed. Cir. 2010) (citing *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1329 (Fed.Cir.2001) ("When a document is 'incorporated by reference' into a host document, such as a patent, the referenced document becomes effectively part of the host document as if it were explicitly contained therein.")). Although Joao's proposed definitions appear to be derived primarily from one of the two incorporated references, the strength of those definitions are directly contradicted by additional statements contained in both of the references. The court concludes, after a review of the two incorporated references, that there was no single agreed-upon definition of the "agent" terms which a skilled artisan would have understood–with reasonable certainty–based on the terms' use in the claim language alone. Furthermore, the court concludes that the specification to which the artisan would turn to resolve any ambiguities in the terms' definition provides no additional guidance to discern the exact contours of the "agent" terms with any degree of reasonable certainty. *Nautilus*, 134 S.Ct. at 2124.

For these reasons, the court concludes that the terms "intelligent agent," "software agent," and "mobile agent" are **indefinite**.


## 7. "Associated with"

Joao argues that the court should not construe this term because it was not timely disclosed by Protect America. However, Joao provides no explanation of how construing this term would prejudice Joao, particularly in light of the fact that the term was disclosed nearly two months before the parties' opening claim-construction briefs were due. In addition, Joao briefed the term and

presented argument on the term at the claim-construction hearing. The court **OVERRULES** Joao's objection to the inclusion of this term in the court's construction.

The court does, however, agree with Joao that this term is not indefinite. The words "associated with" are a common English phrase with a clear meaning and connotation, and the fact that the phrase is used in a patent claim does not somehow render the words ambiguous. A skilled artisan reading the claims would certainly be able to ascertain, with reasonable certainty, the contours of each of the claims where "associated with" is used. Moreover, contrary to its arguments, Protect America cannot sincerely contend that "associated with" is ambiguous to the point of indefiniteness in light of the parties' agreed definition of "premises," a construction that contains the phrase "parcel of land *associated with* the building" (emphasis added).

The court concludes that the term "associated with" is to be given its **plain and ordinary meaning** with no further construction required.

**8. "Control device" (first, second, third)**

**9. "Processing device" (first, second, third)**

**10. "A communication device"**

**11. "A video recording device"**

**12. "A monitoring device"**

The parties spend the bulk of their briefing, as well as the bulk of their argument in the claim-construction hearing, on the above-listed collection of various "device" terms.[5] The court will

---

[5] The court notes that the parties each submitted supplemental briefing following the Federal Circuit's *en banc* decision in *Williamson*. The parties' claim-construction positions and arguments remain substantively unchanged in light of *Williamson*, and both parties assert that their positions are correct in light of the clarified standard applied to means-plus-function construction.

address the terms together, as the parties largely argued these terms together. At base, Protect America argues that each of the device terms should be given a means-plus-function construction due to the patents' consistent use of purely functional claiming, and that each of the terms are indefinite due to an insufficient disclosure of structure to perform the claimed function. In addition, Protect America argues that "control device," "processing device," and "a communication device" should be given individual constructions corresponding to the terms' usage in different claims. Protect America argues that because the same term is used in various asserted claims in unique ways, each requires its own construction. For some, but not all, of the device terms, Protect America proposes an alternative means-plus-function construction in addition to the argument that the term is indefinite.

Joao primarily argues that Protect America's approach to construction is incorrect. Joao contends that the terms should be construed identically across the patents, that the terms do not require means-plus-function constructions, and that the claim language surrounding the occurrence of each of the terms clearly provides structure and meaning. Joao additionally argues, in a somewhat obtuse fashion, that the patentee acted as his own lexicographer in defining certain of these terms through unsolicited "remarks" sent to the United States Patent and Trademark Office ("PTO") during the prosecution of the '010 Patent, and that these "constructions" carry the day. Joao has argued this point in other litigations on the same or related patents. *See e.g. Joao Control & Monitoring Sys., LLC v. Digital Playground, Inc.*, No. 12-cv-6781, Dkt. No. 119 (S.D.N.Y. Aug. 6, 2015). Here, however, the court need not address Joao's lexicography arguments because the court's conclusions regarding these terms is based upon an examination and analysis of the claim language itself, as well as the specification that supports the various claims. The patentee's communications with the PTO,

though arguably part of the intrinsic record for certain of the patents-in-suit and part of the extrinsic record on others, *see id.*, do not substantively change the court's analysis in construing this set of claim terms in the context of the patents currently before the court.

The court, after undertaking a thorough examination of each of the asserted claims in which the disputed device terms appear, concludes that, although the claims do not use the term "means for," each of the claims where the device terms appear employs purely functional claiming without reciting sufficient structure in the claims to perform the function described.[6] Therefore, the court agrees with Protect America that each of the device terms, where used in the disputed claims, is correctly construed as a means-plus-function term. Despite the fact that the claims do not employ the traditional "means" signal word, the consistent purely functional drafting of the claims–and lack of corresponding structure–indicate to the court that the presumption against means-plus-function interpretation is overcome; the claims fall under the ambit of Section 112, paragraph 6.

The court further agrees with Protect America that the specification supporting the claims does not contain a sufficiently definite disclosure of structure to inform with reasonable certainty a person of skill in the art exactly which structure is capable of performing each function. *Nautilus*, 134 S.Ct. at 2124. Each claim is reasonably clear, due to the functional nature of the patentee's claim language, as to what comprises the unique function of each of the means-plus-function claims. However, the specification's disclosure of supporting structure is extremely broad and generic. Despite a through examination of the specification, the court finds no clear description or disclosure of structure that serves to "pay the price" of employing the sort of functional claiming allowed under Section 112, paragraph 6. *Med. Instrumentation*, 344 F.3d at 1211. The competing declarations of

---

[6] *See* discussion *supra*, pp. 11-13.

the parties' experts–declarations that predictably reach opposite conclusions–further serve to highlight that a person of skill in the art could not determine with reasonable certainty the bounds of any disclosed structure which performs each of the function claimed. The lack of sufficient structural detail found in the patents-in-suit's specifications is fatal to Joao's claim-construction position. The court concludes that the device terms are indefinite because of inadequate disclosure of structure to support the functions claimed.

The court therefore concludes that the terms "control device" (first, second, third), "processing device" (first, second, third), "a communication device", "a video recording device," and "a monitoring device," as used in the disputed asserted claims, are **indefinite**.

C.   *Summary Table of Adopted Agreed and Disputed Terms*

| Term/Phrase | Court's Adopted Construction |
|---|---|
| "premises"<br><br>[All Patents] | **a building or a structure and the grounds or parcel of land associated with the building or the structure, or a building or structure or a portion, room, or office, of or in the building or structure, or a home, mobile home, mobile building, mobile structure, residence, residential building, office, commercial building, commercial office, structure, equipment, facility, machine, rig, assembly line, or edifice.** |
| "located at"<br><br>[All Patents] | **situated at, or situated in, or situated on** |
| "remote"<br><br>[All Patents] | **separate and apart from, or external from, or at a distance from or distant from, or not located in** |

| | |
|---|---|
| "video information"<br><br>['010 and '046 Patents] | **an image or images or a photograph, or data or information containing, pertaining to, or representing, an image or images or a photograph** |
| 1. "A theft of the premises"<br><br>['076, '363, and '077 Patents] | **[plain and ordinary meaning]** |
| 2. "A system for detecting a failure in the at least one of . . ."<br><br>['076 and '077 Patents] | **[means-plus-function; indefinite]** |
| 3. "performing a systematic check of at least one of a status and a state of the at least one of a premises system, a premises device, a premises equipment, a premises equipment system, and a premises appliance"<br><br>"performs a systematic check of at least one of a status and a state of the at least one of a premises system, a premises device, a premises equipment, a premises equipment system, and a premises appliance"<br><br>['076 and '130 Patents] | **checking the status, state, or status and state of any and all of a premises system, a premises device, a premises equipment, a premises equipment system, or a premises appliance**<br><br>**checks the status, state, or status and state of any and all of a premises system, a premises device, a premises equipment, a premises equipment system, or a premises appliance** |
| 4. "Intelligent agent"<br><br>['363 and '077 Patents] | **[indefinite]** |
| 5. "Software agent"<br><br>['363 and '077 Patents] | **[indefinite]** |

| 6. "Mobile agent" <br><br> ['363 and '077 Patents] | [indefinite] |
|---|---|
| 7. "Associated with" <br><br> ['076, '363, '077, '010, and '046 Patents] | [plain and ordinary meaning] |
| 8. "Control device" (first, second, third) <br><br> ['076 and '130 Patents] | [means-plus-function; indefinite] |
| 9. "Processing device" (first, second, third) <br><br> ['363, '077, '010, and '046 Patents] | [means-plus-function; indefinite] |
| 10. "A communication device" <br><br> ['076, '363, and '010 Patents] | [means-plus-function; indefinite] |
| 11. "A video recording device" <br><br> ['010 and '046 Patents] | [means-plus-function; indefinite] |
| 12. "A monitoring device" <br><br> ['076 and '130 Patents] | [means-plus-function; indefinite] |

IV.     **Conclusion**

For the above reasons, the court construes the disputed claims as noted and so **ORDER**S. No further claim terms require construction.

**IT IS FURTHER ORDERED** that this case is set for a **Scheduling Conference** on **October 21, 2015, at 9:30 a.m.**, in Courtroom 7, Seventh Floor, United States Courthouse, 501 W. 5th Street, Austin, Texas 78701.  The parties shall meet and confer in advance of that date in an attempt to settle this case.  If the case is not settled, the parties shall confer in an attempt to reach agreement on a schedule to follow for the remainder of this case.  The court will render a scheduling order as a result of the **October 21, 2015** conference.

SIGNED this *18th* day of August, 2015.


LEE YEAKEL
UNITED STATES DISTRICT JUDGE